IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERTA HARDEN, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 13-1200-RGA |
| | : Superior Court of the State of Delaware |
| SECURITAS SECURITY | : in and for New Castle County |
| SERVICES USA, INC., | : No. N13C-05-127 |
| Defendant. | : |

Roberta Harden, Wilmington, Delaware. Pro se Plaintiff.

Michele D. Allen, Esquire, Law Offices of Michele D. Allen, LLC, Hockessin, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

August 7, 2013
Wilmington, Delaware

*/s/ Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

On July 9, 2013, Defendant filed a Notice of Removal from the Superior Court of the State of Delaware in and for New Castle County ("Superior Court"). (D.I. 1.) For the reasons discussed below, the Court determines that it lacks subject matter jurisdiction and will summarily remand the case to the Superior Court.

Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1981 and § 1982, alleges Defendant's employee made comments of a sexual nature to her on May 21, 2012. Plaintiff complained via Defendant's hotline and web-site on the same day. Plaintiff was terminated from her position on June 6, 2012, after she was advised there were no available hours for her to work. She learned there were hours available at other sites and that Defendant was hiring security officers for the same position from which she had been terminated. Defendant removed the case to this Court on the basis of claims alleged pursuant to § 1981 and § 1982.

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

2

Defendant asserts that removal is proper pursuant to 28 U.S.C. § 1331 by reason of a federal question. Plaintiff proceeds pro se and her complaint is liberally construed. While Plaintiff invokes 42 U.S.C. §§ 1981 and 1982, the statutes are inapplicable to the fact as alleged. Section 1981 prohibits discrimination on the basis of race in the making of a private contract, and § 1982 prohibits racial discrimination in transactions relating to real and personal property by securing the right of all citizens to inherit, purchase, lease, sell, hold, and convey real and personal property. *See* 42 U.S.C. §§ 1981, 1982. The complaint alleges sexual harassment, not race discrimination. However, it has not invoked any statutes pursuant to Title VII, 42 U.S.C. § 2000e et seq., and nothing indicates that it could, as there is no hint that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or that she has received a right to sue notice. Liberally construing the complaint, at most, it raises a state claim of retaliation.

Because the parties are not diverse and there is no federal question, this Court does not have subject matter over the State action. This Court will summarily remand the case to the Superior Court of the State of Delaware in and for New Castle County pursuant to 28 U.S.C. § 1447(c).

An appropriate Order will issue.